NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRIEDFERTIG FAMILY PARTNERSHIP 2, ABD MARK PECKMAN<br><br>Plaintiffs,<br><br>v.<br><br>PER LOFBERG,<br><br>Defendant. | Civil Action No. 13-1546 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Per Lofberg's motion to dismiss Plaintiff Friedfertig Family Partnership 2 and Plaintiff Mark Peckman (collectively "Plaintiffs")' Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court referred Defendant's motion to the Honorable Cathy L. Waldor, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Waldor filed a Report and Recommendation on October 14, 2013, recommending that Defendant's motion to dismiss for lack of personal jurisdiction be granted. On November 7, 2013, Plaintiffs filed an Objection to Magistrate Judge Waldor's Report and Recommendation. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's motion to dismiss for failure to comply with Federal Rule of Civil Procedure 8(a), and, as a result, declines to adopt Magistrate Judge Waldor's Report and Recommendation at this time.

1

## I. BACKGROUND

Plaintiffs' Complaint was filed on February 1, 2013 in the Superior Court of New Jersey. On March 14, 2013, Defendants removed the matter to this Court. [CM/ECF No. 1.]

The allegations in Plaintiffs' Complaint stem from their investments in Centerphase Solutions Inc. ("Centerphase"). "Centerphase was marketed as a company that 'offer[ed] superior clinical and commercial services to the biopharmaceutical industry by leveraging a global network of respected academic medical centers with pools of patient data and outstanding clinical capabilities.'" (Compl. ¶ 4.) Plaintiffs allege that they had a conversation with Jeffrey Tarlowe, the Chief Financial Officer of Centerphase, in which Tarlowe informed them that Defendant, who had been an executive with Merck Capital Ventures, "would play a major role in the business and [that] his background, experience and contacts in the industry would be key to a successful venture." (Id. at ¶¶ 5, 7.) Plaintiffs claim that Defendant "was touted as the most important part of the management team and…business plan," and that the business plan materials stated that Centerphase would "be guided by its Executive Chairman, Per Lofberg[,] former head of Merck Capital Venture and Merck-Medco." (Id. at ¶¶ 4, 7.) Allegedly based upon Tarlowe's statements and those in the business plan, Plaintiff Friedfertig invested $600,000 and Plaintiff Peckman invested $100,000 in Centerphase. (Id. at ¶ 8.)

Plaintiffs allege that Defendant "knew or should have known that investors such as Plaintiffs were investing monies into Centerphase because of [his] experience, knowledge, connections and overall expertise in the industry." (Id. at ¶ 9.) According to the Complaint, Defendant "disregarded his duties as an officer, director and/or key employee of the company and failed to discharge his duties to the company." (Id. at ¶ 11.) Specifically, Plaintiffs claim

2

that Defendant "did not provide the time and effort needed to grow the company and make the company successful." (*Id.* at ¶ 11.)

In light of the foregoing, Plaintiffs' Complaint asserts five causes of action: (1) negligence; (2) gross negligence; (3) breach of the duty of care; (4) breach of the duty of loyalty; and (5) breach of the duty to act in good faith.

On April 24, 2013, Defendant filed a motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, failure to state a claim pursuant to Rule 12(b)(6). Defendant argued that all claims are subject to dismissal because the Court lacks personal jurisdiction over Defendant, who is a resident of Massachusetts. In the alternative, Defendant asserted that Plaintiffs' claims should be dismissed because: (1) they are derivative claims that belong to the company and cannot be asserted directly; and (2) "[the] claims are so conclusory and devoid of factual content that they do not satisfy the *Iqbal/Twombly* pleading standard." [CM/ECF No. 6-1, at 1.]

This Court referred Plaintiffs' motion to Magistrate Judge Cathy L. Waldor pursuant to 28 U.S.C. § 636 (b)(1)(B). On October 24, 2013, Magistrate Judge Waldor entered her decision, recommending that Defendant's motion to dismiss for lack of personal jurisdiction be granted. Currently before the Court is Magistrate Judge Waldor's October 24, 2013 Report and Recommendation, as well as Plaintiffs' objection thereto.

## II. LEGAL STANDARDS

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or

3

recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

When a litigant files an objection to a Report and Recommendation, the district court must make a de novo determination of those portions to which the litigant objects. 28 U.S.C. § 636(b)(1) (C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2).

For a complaint to survive a motion to dismiss pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*

## III. DISCUSSION

Magistrate Judge Waldor concluded that this Court lacks personal jurisdiction over Defendant in this matter. Judge Waldor determined, with respect to general personal jurisdiction, that Defendant, a resident of Massachusetts who does not own a home in or regularly conduct business in New Jersey, lacks the "'continuous and substantial' contacts with New Jersey necessary for Plaintiffs to establish general jurisdiction." [CM/ECF No. 17, at 12.] With respect to specific jurisdiction, Judge Waldor found that Defendant lacks the minimum contacts with the forum state necessary to support specific personal jurisdiction. (*Id.* at 15.) Specifically, Judge Waldor determined that Plaintiffs failed to put forward sufficient evidence to establish that Defendant purposefully availed himself of the forum state. (*Id.* at 16-17.)

Plaintiff challenges Magistrate Judge Waldor's Report and Recommendation, claiming that she erroneously found the absence of both specific and general jurisdiction over Defendant. Plaintiff argues that Defendant has sufficient contacts with New Jersey to warrant specific and/or general jurisdiction. Defendant argues in opposition that this Court should adopt Magistrate Judge Waldor's Report and Recommendation because Defendant lacks sufficient contacts with New Jersey, or, in the alternative, dismiss Plaintiff's Complaint for failure to state a claim and failure to meet the pleading standards of *Twombly* and *Iqbal*.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint put the defendant on notice of the basis of the claims asserted against him. *See Twombly*, 550 U.S. at 555. Based on the reasons that follow, and having failed to identify which particular facts underlie each count of their Complaint, the Court finds that Plaintiffs' Complaint should be dismissed for failure to meet the Rule 8(a) pleading requirement.

5

Plaintiffs' Complaint, standing alone, has failed to put Defendants on notice of the basis of the claims against them. Plaintiffs have failed to specify precisely which facts support which elements of their claims and, as a result, the Court cannot determine the precise facts giving rise to each allegation. Neither the Court nor Defendant should be required to guess which particular claims are being asserted on the basis of which events and/or to sift through the allegations to piece together those claims. Specifically, it is unclear from the Complaint whether Plaintiffs' breach of fiduciary and negligence claims arise out of Tarlowe's statements, the statements in Centerphase's business plan, and/or Defendant's actions as a director of Centerphase, or how these three factors interrelate. This is especially true because Defendant had no part in Plaintiffs' conversation with Tarlowe. Moreover, it is unclear from the Complaint how Defendant's alleged behavior as director damaged Plaintiffs specifically, aside from Plaintiffs' conclusory allegations that by virtue of Defendant's "failure to spearhead the strategic planning and alliances of the company and [failure] to provide the time and effort needed to grow the company and make the company successful," "plaintiffs have been damaged." (Compl. at ¶¶ 11, 12.) Absent factual content to substantiate conclusory allegations of breach of negligence and fiduciary duty, Plaintiffs have failed to state a claim that is plausible on its face.

The conclusory nature of the Complaint is especially problematic in light of the fact that, as explained above, it is unclear which factual allegations underlie which of Plaintiffs' claims. In light of these deficiencies, the Court cannot determine whether it has personal jurisdiction over Defendant, or whether Plaintiffs' claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim. Specifically, as Judge Waldor explained, to determine whether a court has specific personal jurisdiction over a defendant, the court must assess whether the plaintiff's claims arose from at least one of the defendant's contacts with the forum state. *See* CM/ECF No.

17, at p. 17; *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 318 (3d Cir. Pa. 2007). In the instant matter, the Court cannot assess whether Plaintiffs' claims arose from any of Defendant's contacts with New Jersey because it is unclear upon which precise facts each of Plaintiffs' claims rests. Furthermore, this Court cannot determine whether Plaintiffs' claims are direct or derivative without a clear understanding of whether their claims are based upon the alleged misrepresentations by Tarlowe, those in the business plan, or the actions of Defendant himself in his capacity as director.

The Court also notes that each count of Plaintiffs' Complaint incorporates by reference all previous allegations. Although there may be circumstances in which it is appropriate to incorporate certain allegations by reference, there is no question that each count of a properly pled complaint must contain: (a) its own cause of action, and (b) those particular factual allegations that would allow the court to draw the reasonable inference that the defendant is liable for that cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiffs' Complaint, as currently drafted, fails to meet this requirement. *See, e.g., Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). For example, Counts Three, Four, and Five each allege, in a conclusory fashion, that Defendant "breached his duty" to Plaintiffs and that, as a result, Plaintiffs have been damaged. (Compl. ¶¶ 20-21, 23-24, 26-27). Counts Three, Four, and Five contain no further facts to substantiate the foregoing legal conclusion. There is no question that "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not'" suffice. *Iqbal*, 556 U.S. at 678. Plaintiffs' Complaint, therefore, is dismissed without prejudice.

### IV. CONCLUSION

Defendant's motion to dismiss is granted. Plaintiffs' Complaint is dismissed without prejudice. Plaintiffs may file an amended complaint that cures the aforementioned pleading deficiencies by January 13, 2014. Failure to file an amended complaint on or before January 13, 2014 will result in dismissal of the Complaint with prejudice. Because this Court dismisses Plaintiffs' Complaint for failure to comply with Rule 8(a), it declines to adopt Magistrate Judge Waldor's Report and Recommendation as to personal jurisdiction.

An appropriate Order accompanies this Opinion.

Date: December 13, 2013

Jose L. Linares
U.S.D.J.